1.  1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INTERMOUNTAIN FAIR HOUSING COUNCIL, | CASE NO. CV 11-00071-EJL-CWD |
| Plaintiff, | CONSENT ORDER |
| vs. | |
| THE COTTONWOOD APARTMENTS and OAK HILL TERRACE ASSOCIATES, LP, a California limited partnership, | |
| Defendants. | |

Before the Court in the above entitled matter is the Stipulation of the parties for entry of a Consent Order. (Dkt. 18.) The parties have arrived at an agreement concerning the subject property in this dispute as reflected in the attached Exhibit A to the Stipulation and restated herein. Having reviewed the record, the Court finds good cause exists to approve the Stipulation and enter the Consent Order as requested as follows:

**A. Background**

1. This Consent Order is entered between the Plaintiff Intermountain Fair Housing Council and the Defendants The Cottonwood Apartments and Oak Hill Terrace Associates, LP.

2. The real property that is the subject of this action is The Cottonwood Apartments located at 1670 Riverstone Lane, Idaho 83706 (hereinafter "the Subject Property").

3. This action is brought by the Plaintiff for declaratory judgment, permanent injunctive relief and damages on the following bases: Count One—Discrimination on the Basis of

"Handicap" in Violation of the Fair Housing Act and its Implementing Regulations; and Count Two—Negligence.

**B. Parties**

1. The Plaintiff is a private nonprofit organization organized under the laws of the State of Idaho with its principal place of business at 350 North 9th Street, Suite M-100, Boise, Idaho 83702. Its mission is to advance equal access to housing for all persons without regard to race, color, sex, religion, national origin, familial status, or disability, and to increase the pool of accessible housing available to the disabled. The Plaintiff serves persons with disabilities through, among other things, education on the fair housing laws, assistance with complaints, and referrals to accessible properties. The Plaintiff also provides education and outreach on fair housing laws and practices to housing consumers, housing providers, builders, architects, and others.

2. The Defendant The Cottonwood Apartments is an unincorporated business located and doing business in the State of Idaho. Its principal place of business is 1670 Riverstone Lane, Idaho 83706.

3. The Defendant Oak Hill Terrace Associates, LP is the owner of the Subject Property and is doing business in the State of Idaho. Its principal place of business is 11 Meridian Lane, San Rafael, California 94901.

**C. Applicable Legal Requirements**

1. The relevant portions of the Fair Housing Act prohibit the following:

   a. Discrimination in the sale or rental, or otherwise made unavailable, a dwelling because of "handicap", 42 U.S.C. §3604(f)(1);

      b. Discriminatory terms, conditions or privileges in the sale or rental of a dwelling because of "handicap", 42 U.S.C. §3604(f)(2);

      c. Refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling, 42 U.S.C. §3604(f)(3)(B);

      d. Making, printing or publishing a notice or statement with respect to the sale or rental of a dwelling that indicates a preference, limitation or discrimination based on "handicap", 42 U.S.C. §3604(c); and

      e. Interference, coercion or intimidation, 42 U.S.C. §3617.

2. The prohibition on negligent actions arises under Idaho state common law and requires individuals to use reasonable care to avoid injury and to prevent unreasonable, foreseeable risks of harm to others.

**D. Consent of the Parties to Entry of this Order**

1. The parties to this proceeding agree that this Court has jurisdiction over the subject matter of this case pursuant to 42 U.S.C. §3613 and 28 U.S.C. §§1331, 1332, 1337, 1343 and 2201. The parties further agree that this controversy should be resolved without further proceedings and without an evidentiary hearing.

2. The Defendants deny that they have violated the law, and this Consent Order does not constitute any admission of liability on the part of the Defendants.

3. As indicated by the signatures appearing below, the parties hereto agree to entry of this Consent Order.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Stipulation (Dkt. 18) is GRANTED as follows:**

  **A. Monetary Damages.** The Defendant will pay the total sum of TWELVE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($12,500.00) in monetary damages as follows to the Plaintiff Intermountain Fair Housing Council. Said payment shall be made payable to "The Trust Account of Ken Nagy, Attorney at Law" and shall be delivered within 30 days of the entry of this Consent Order to counsel for the Plaintiff at: Ken Nagy, P.O. Box 164, Lewiston, Idaho 83501. Further, the Plaintiff has entered into an agreement with Rose Barnett, the other named victim identified in the Verified Complaint and Demand for Jury Trial (Doc. 1) filed herein, who shall receive a portion of said payment. In exchange, Ms. Barnett shall execute a full release that releases the Defendants of any and all liability to Ms. Barnett concerning the matters at issue in this proceeding.

  **B. Fair Housing Education.** The Defendants shall require all of their employees to complete two to three hours of Fair Housing Act compliance training, provided by persons outside of the company, for each of the years 2011, 2012 and 2013.

  **C. Subscription to Fair Housing Coach.** The Defendants shall subscribe to the Fair Housing Coach publication for three years from the date of the entry of this Consent Order.

  **D. Non-Confidentiality.** The terms of the parties' settlement are not confidential. However, the Plaintiff and Rose Barnett shall not affirmatively publicize the terms of said settlement in a manner that discloses the identity of the Defendants, other than with officials of the United States Department of Housing and Urban Development on an if-and-as-necessary basis and in the Plaintiff's regularly maintained records.

  **E. Maintenance of Non-Discriminatory Policy.** The Defendants shall maintain a policy of not charging a deposit for service animals. In the event that a party seeks to enforce

this provision, the Court will require a showing that the alleged violation is somehow connected to this proceeding.

### F. Duration of Order and Termination of Legal Action

1. This Consent Order shall remain in effect for thirty-six (36) months after the date of its entry.

2. The Verified Complaint and Demand for Jury Trial (Doc. 1) filed in this proceeding is dismissed with prejudice. The Court, however, shall retain jurisdiction for the term of this Consent Order to enforce the terms of this Order.

**G. Attorney's Fees and Costs.** Each party hereto shall bear its own attorney's fees and costs associated with this action. However, any party hereto may seek judicial enforcement of this Consent Order. Should any party initiate litigation to enforce the terms of this Agreement, the prevailing party shall be entitled to an award of its attorney's fees and costs incurred in such action.

DATED: **August 12, 2011**

Honorable Edward J. Lodge
U. S. District Judge